**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>Viktor Novosel</u>


     v.                                    Civil No. 09-cv-164-JL

<u>William Wrenn, Commissioner,</u>
<u>New Hampshire Department of</u>
<u>Corrections</u>

**<u>REPORT AND RECOMMENDATION</u>**

Pro se petitioner Viktor Novosel has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his incarceration pursuant to his 1978 conviction for second degree murder (document no. 1). The matter is before me for preliminary review to determine whether the petition is facially valid and may proceed. <u>See</u> Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts ("2254 Rules") (requiring initial review to determine whether the petition is facially valid); <u>see also</u> United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing the Magistrate Judge to preliminarily review pro se pleadings). For the reasons discussed herein, I recommend that the petition be dismissed as untimely.

Standard of Review

Under this Court's local rules, when an incarcerated petitioner commences an action pro se and in forma pauperis, the Magistrate Judge is directed to conduct a preliminary review.  LR 4.3(d)(2).  In conducting the preliminary review, the Court construes pro se pleadings liberally, however inartfully pleaded.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pro se pleadings liberally in favor of the pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see also Castro v. United States, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals).  The court must accept as true the plaintiff's factual assertions, see Erickson, 551 U.S. at 94, and any inferences reasonably drawn therefrom.  See Centro Medico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 5-6 (1st Cir. 2005); Ayala Serrano v. Lebron Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990).  This review ensures

that pro se pleadings are given fair and meaningful consideration.

Background

Viktor Novosel is a New Hampshire State Prison inmate, currently serving a sentence for his 1978 conviction for second degree murder.  Novosel challenges the constitutionality of his conviction and sentence,[1] alleging the following claims as grounds for relief[2]:

1.  The trial court violated Novosel's Fifth Amendment right not to be twice placed in jeopardy for the same offense by setting aside, prior to his criminal trial, a previous finding that amounted to an acquittal by reason of insanity on the offense charged;

2.  The trial court violated Novosel's Fifth Amendment right not to be twice placed in jeopardy for the same

---

[1]This is not Novosel's first federal habeas petition.  In 2001, Novosel filed a § 2254 action in this Court challenging his 1998 denial of parole.  In that action, the Court did not make any determination of the validity of the petitioner's detention pursuant to Novosel's underlying conviction and sentence.  The instant petition is not, therefore, a second or subsequent petition under 28 U.S.C. § 2244(a) (no federal habeas petition challenging detention need be entertained "if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus . . .").

[2]The claims, as identified herein, will be considered to be the claims raised in the petition for all purposes.  If Novosel disagrees with the claims, as identified, he must do so by properly objecting to this Report and Recommendation or moving to amend his petition.

offense by allowing a criminal trial in his case after
he had been deemed acquitted by reason of insanity;

3.    Novosel was denied a fair trial, equal protection of
the laws, and due process when the prosecution was
allowed to introduce evidence of an uncharged crime at
his trial;

4.    Novosel was denied a fair trial, equal protection of
the laws, and due process when the prosecution made
improper statements in its closing argument at the
trial in this matter;

5.    Novosel was denied a fair trial, equal protection of
the laws, and due process when the prosecution made
statements for the purpose of enflaming the emotions of
the jury during its closing argument at trial in this
matter;

6.    Novosel was denied the effective assistance of
appellate counsel when his attorney refused to
prosecute certain grounds for appeal, particularly that
Novosel's trial counsel had been ineffective;

7.    Novosel was denied due process, equal protection of the
laws, access to the courts and the effective assistance
of trial counsel when his trial attorney failed to
elicit certain exculpatory evidence from the
prosecution witnesses in his case;

8.    Novosel was denied a fair trial, due process, equal
protection of the laws and an informed jury when the
prosecution knowingly presented perjured testimony at
trial; and

9.    The trial court violated Novosel's Fifth Amendment
right not to be twice punished for the same offense
when it both committed him to the custody of the New
Hampshire Hospital's unit for the criminally insane
after he was acquitted by virtue of insanity, and then
sentenced him to prison after he was convicted for the
same offense.

<u>Discussion</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244, <u>et seq.</u> (2000), which became effective on April 24, 1996, sets a one-year limitations period for federal habeas petitions by state prisoners.  28 U.S.C. § 2244(d)(1).  AEDPA's one-year limit runs from the time that the state court judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking direct review.  28 U.S.C. § 2244(d)(1)(A).  However, petitioners like Novosel, convicted prior to AEDPA's enactment, were permitted to file their petitions within one year of AEDPA's effective date.  <u>See</u> <u>David v. Hall</u>, 318 F.3d 343, 344 (1st Cir. 2003) (citing <u>Gaskins v. Duval</u>, 183 F.3d 8, 9 (1st Cir. 1999)).

Certain statutory exceptions to the statute of limitations exist where the untimely filing was caused by state-impeded relief, new constitutional rights created by the Supreme Court, or newly discovered facts underpinning the claim.  <u>See</u> <u>David</u>, 318 F.3d at 344; 28 U.S.C. § 2244(d)(1)(B)-(D).  Novosel does not claim to fall within any of these exceptions.  Additionally, the First Circuit has recently stated, without deciding, that equitable tolling of the AEDPA's limitations period might be

available, but "only for the most exceptional reasons."  <u>David</u>,

318 F.3d at 346.  No exceptional reasons for the Court to

consider equitable tolling are presented here.

AEDPA excludes from the one-year limitations period "[t]he

time during which a properly filed application for State post-

conviction or other collateral review with respect to the

pertinent judgment or claim is pending . . . ."  28 U.S.C. §

2244(d)(2).  Because Novosel was convicted prior to April 24,

1996, he had until April 24, 1997 to seek federal habeas relief.

<u>See</u> <u>David</u>, 318 F.3d at 344.  Novosel's petition indicates that,

in 2008, he engaged in some post-conviction state court

litigation involving the claims raised here.  The petition does

not indicate or imply that Novosel was involved in any state

court litigation challenging his incarceration on the grounds

raised here during the time between April 24, 1996, when the

limitations period for this action started to run, and 2008.

While the limitations period is stopped from running during the

pendency of properly filed post-conviction state court

litigation, it is not reset or restarted by post-conviction

litigation initiated <u>after</u> the AEDPA limitations period has

expired.  <u>See</u> <u>Cordle v. Guarino</u>, 428 F.3d 46, 48 n.4 (1st Cir.

2005) (post-conviction state court litigation filed after AEDPA's limitations expire does not stop or reset the clock). Novosel's limitations period for filing this action therefore expired on April 24, 1997. The instant petition was filed in May 2009, more than twelve years later. Novosel's 2008 state court litigation did not reset or restart that period and did not, therefore, render this action timely. Accordingly, I find that the petition was not timely filed, and I recommend that it be dismissed on that basis.

### Conclusion

Any objections to this report and recommendation must be filed within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order. See Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).


_____
James R. Muirhead
United States Magistrate Judge

Date:     June 11, 2009

cc:       Viktor Novosel, pro se